IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| CHARLES EDWARD SNELL; PATRICIA ANN SNELL; and A.C., a minor, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | CV 126-050 |
| YOUTH DENTISTRY OF AUGUSTA, | ) ) | |
| Defendant. | ) ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiffs commenced the above-captioned case *pro se* and requested permission to proceed *in forma pauperis* ("IFP"). Upon review of the IFP motion, (doc. no. 2), the Court determined Plaintiffs filled out the incorrect IFP form and provided incomplete, inconsistent information on the form. (See doc. no. 4.) Thus, on March 20, 2026, the Court denied Plaintiffs' IFP motion without prejudice and directed them to submit a new IFP motion within twenty-one days. (Id. at 1-4.) The Court also ordered Plaintiffs to amend their complaint within twenty-one days to correct numerous pleading deficiencies and warned Plaintiffs if they did not timely submit an amended complaint and file a new IFP motion or pay the $405.00 filing fee, they risked dismissal of the case. (Id. at 4-8.) The time to respond has passed, and Plaintiffs have neither complied with the March 20th Order nor otherwise offered any explanation to the Court why they have not complied.

A district court has authority to manage its docket to expeditiously resolve cases, and this authority includes the power to dismiss a case for failure to prosecute or failure to comply with a court order. Equity Lifestyle Props., Inc. v. Florida Mowing & Landscape Serv., Inc., 556 F.3d 1232, 1240 (11th Cir. 2009) (citing Fed. R. Civ. P. 41(b)); see also Eades v. Alabama Dep't of Human Res., 298 F. App'x 862, 863 (11th Cir. 2008) ("District courts possess the ability to dismiss a case . . . for want of prosecution based on two possible sources of authority: Fed. R. Civ. P. 41(b) or their inherent authority to manage their dockets."). Moreover, the Local Rules of the Southern District of Georgia dictate that an "assigned Judge may, after notice to counsel of record, *sua sponte* . . . dismiss any action for want of prosecution, with or without prejudice . . . [for] [w]illful disobedience or neglect of any order of the Court; or [a]ny other failure to prosecute a civil action with reasonable promptness." Loc. R. 41.1(c). Finally, dismissal without prejudice is generally appropriate pursuant to Rule 41(b) where a plaintiff has failed to comply with a court order, "especially where the litigant has been forewarned." Owens v. Pinellas Cty. Sheriff's Dep't, 331 F. App'x 654, 655 (11th Cir. 2009) (citing Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989)); see also Loc. R. 41.1(b) (Court may dismiss an action *sua sponte* for "willful disobedience or neglect of any order of the Court").

Here, Plaintiffs' failure to file an amended complaint and failure to submit a new IFP motion or pay the $405 filing fee, or even to provide the Court with an explanation for their failure to timely respond, amounts not only to a failure to prosecute, but also an abandonment of their case. This is precisely the type of neglect contemplated by the Local Rules. Moreover, the Court cautioned Plaintiffs that a failure to respond would be an election to have their case voluntarily dismissed.

2

In sum, the time to respond has passed, and Plaintiffs have not complied with the Court's March 20th Order. Therefore, the Court **REPORTS** and **RECOMMENDS** this case be **DISMISSED** without prejudice and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 14th day of April, 2026, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

3