IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| CHARLES EDWARD SNELL; PATRICIA ANN SNELL; and A.C., a minor, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) | CV 126-050 |
| | ) | |
| YOUTH DENTISTRY OF AUGUSTA, GEORGIA, | ) ) ) | |
| Defendant. | ) | |

_____

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

_____

Plaintiffs are proceeding *pro se* and *in forma pauperis* ("IFP") in the above-captioned case. Because they are proceeding IFP, Plaintiffs' amended complaint must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984).

I.    SCREENING THE AMENDED COMPLAINT

A.    BACKGROUND

Plaintiffs name Youth Dentistry of Augusta, Georgia as the sole Defendant. (Doc. no. 7, pp. 1, 2.) Taking all of Plaintiffs' factual allegations as true, as the Court must for purposes of the present screening, the facts are as follows.

Plaintiffs paid Defendant $5,000 for dental treatment for their minor daughter, A.C. (Id. at 3.) However, Defendant did not complete the treatment. (Id.) Instead, Defendant requests "more money" from Plaintiffs to complete the service. (Id.) As a result, A.C. has not received the treatment she needs and experiences pain daily. (Id.) Plaintiffs bring negligence

and breach of contract claims.  (Id. at 5.)  Plaintiffs "are proceeding *pro se* and allege their own claims, as well as claims on behalf of their minor daughter."  (Id.)  They seek $3,500,000 for A.C.'s pain and suffering, $275,000 for "cruel and unusual punishment," and $3,775 for "the money paid for the treatment."  (Id.)

B.     DISCUSSION

1.     Legal Standard for Screening

The amended complaint or any portion thereof may be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune to such relief.  See 28 U.S.C. § 1915(e)(2)(B).  A claim is frivolous if it "lacks an arguable basis either in law or in fact."  Neitzke v. Williams, 490 U.S. 319, 325 (1989).  "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)."  Wilkerson v. H & S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the complaint must "state a claim to relief that is plausible on its face."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level."  Twombly, 550 U.S. at 555.  While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  Iqbal, 556 U.S. at 678.  The complaint is insufficient if it "offers 'labels and

conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'"  Id. (quoting Twombly, 550 U.S. at 555, 557).  In short, the complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'"  Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Finally, the court affords a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney.  Erickson v. Pardus, 551 U.S. 89, 94 (2007); Haines v. Kerner, 404 U.S. 519, 520 (1972).  However, this liberal construction does not mean that the court has a duty to re-write the complaint.  Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

### 2.    Federal Subject Matter Jurisdiction

"[B]ecause a federal court is powerless to act beyond its statutory grant of subject matter jurisdiction, a court must zealously insure that jurisdiction exists over a case, and should itself raise the question of subject matter jurisdiction at any point in the litigation where a doubt about jurisdiction arises."  Smith v. GTE Corp., 236 F.3d 1292, 1299 (11th Cir. 2001).  Federal courts must always dismiss cases upon determining that they lack subject matter jurisdiction, regardless of the stage of the proceedings.  Goodman *ex rel*. Goodman v. Sipos, 259 F.3d 1327, 1331 n.6 (11th Cir. 2001).  To invoke the jurisdiction of the Court, a plaintiff must properly "allege the jurisdictional facts, according to the nature of the case."  McNutt v. Gen. Motors Acceptance Corp., 298 U.S. 178, 182 (1936).

"A federal district court must have at least one of three types of subject matter jurisdiction:  (1) jurisdiction under a specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)."  Baltin v. Alaron Trading Corp., 128 F.3d 1466, 1469 (11th Cir. 1997).  Under 28 U.S.C.

§ 1332, diversity jurisdiction exists where the suit is between citizens of different states and the amount in controversy exceeds $75,000.  The party asserting jurisdiction has the burden of establishing that their cause lies within this limited grant of jurisdiction.  Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994).

Here, the amended complaint is devoid of any federal claim or cause of action and appears instead to be an attempt to bring state law negligence and breach of contract claims over which there is no federal jurisdiction.  Though Plaintiffs allege their claims arise under "States and United States['] Constitution Laws," (doc. no. 7, p. 4), it is not apparent that there are any federal statutes applicable here to invoke federal question jurisdiction.  Thus, there is no basis for federal question jurisdiction.

Further, although Plaintiffs checked the box indicating diversity of citizenship as the basis for federal court jurisdiction, (see id.), they have not plead the facts necessary for diversity jurisdiction, which, as explained above, requires diversity of citizenship between the parties and an amount in controversy exceeding $75,000.  While a federal court could have diversity jurisdiction over state law negligence or breach of contract claims, Plaintiffs fail to allege any facts sufficient to establish such jurisdiction as they have not alleged Defendant is a citizen of another state.  28 U.S.C. § 1332(a).  Instead, Plaintiffs allege they are residents of Georgia,[1] and Defendant is a citizen of Georgia.  (Doc. no. 7, pp. 1-5.)  Therefore, because the parties are not citizens of different states, Plaintiffs also fail to establish diversity jurisdiction.[2]

---

[1] Although Plaintiffs did not provide their citizenship under the basis for jurisdiction section, (doc. no. 7, p. 4), they provided a Georgia address for themselves under the complaint form question requesting their contact information, (id. at 1).  Thus, the Court easily concludes they are citizens of Georgia for diversity jurisdiction purposes.

[2] Plaintiffs also allege the amount in controversy is $3,775, which purportedly equals the amount they paid for A.C.'s dental treatment.  (Doc. no. 7, p. 5.)  However, they also seek millions in pain and

In sum, Plaintiffs have failed to plead any facts demonstrating they are entitled to invoke the jurisdiction of federal court, therefore, their amended complaint is subject to dismissal.

## II.  CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** this case be **DISMISSED** for lack of subject matter jurisdiction and this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 5th day of May, 2026, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

suffering and "cruel and unusual punishment" on A.C.'s behalf.  (Id.)  As the Court already explained, "the Eleventh Circuit 'has held that parents who are not attorneys may not bring a *pro se* action on their child's behalf.'" (Doc. no. 4, p. 4 (quoting FuQua v. Massey, 615 F. App'x 611, 612 (11th Cir. 2015) (*per curiam*) (internal quotations omitted)).  Thus, it appears Plaintiffs also fail to satisfy the $75,000 jurisdictional minimum because they cannot recover damages for claims brought on behalf of their minor daughter as a matter of law.  However, it is admittedly unclear if Plaintiffs are also asserting their *own* negligence claims, and if so, the amount they seek in their own damages.  Nonetheless, the Court need not decide whether the amount in controversy threshold is satisfied at this time because the amended complaint undoubtably fails to allege there is diversity of citizenship between Plaintiffs and Defendant.