IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

U.S. DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

JUN 4 2026

FILED

CHARLES EDWARD SNELL; PATRICIA )
ANN SNELL; and A.C., a minor, )
                                   )
        Plaintiffs, )
                                   )
        v. )              CV 126-050
                                   )
YOUTH DENTISTRY OF AUGUSTA, )
GEORGIA, )
                                   )
        Defendant. )

**ORDER**

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation, to which objections have been filed.[1] (Doc. no. 12.) The Magistrate Judge recommended this case be dismissed for lack of subject matter jurisdiction because Plaintiffs did not bring a federal claim or cause of action, and there was no diversity of citizenship for diversity jurisdiction purposes. (See doc. no. 10.) As explained below, Plaintiffs' objections are unavailing.

In their objections, Plaintiffs appear to concede they share the same citizenship as Defendant and contend for the first time that there is federal question jurisdiction over this

---

[1] Plaintiffs titled their objections "Amend Addition 'Motion,'" but the substance of this filing reveals it is objections to the Report and Recommendation. (See doc. no. 12); see also Torres v. Miami-Dade Cnty., Fla., 734 F. App'x 688, 691 (11th Cir. 2018) (*per curiam*) (explaining a court "must sometimes look beyond the labels used in a *pro se* party's [motion] and focus on the content and substance of the allegations").

action. (See doc. no. 12.) They cite to two federal statutes, 28 U.S.C. § 1291 and 28 U.S.C. § 2254, and they claim the United States Constitution establishes that they have rights. (Id. at 1.) They also reference "cruel and unusual punishment." (Id. at 2.)

"In order to determine whether the claim arises under the Constitution or laws of the United States, we look to the complaint unaided by anticipated defenses and with due regard to the real nature of the claim." Mobil Oil Corp. v. Coastal Petrol. Co., 671 F.2d 419, 422 (11th Cir. 1982). Here, the "real nature" of Plaintiffs' claims are state law claims for negligence and breach of contract relating to their minor child's dental care. Neither federal statute cited by Plaintiffs has anything to do with Plaintiffs' claims. 28 U.S.C. § 1291 is simply a federal statute providing that the courts of appeals have jurisdiction over appeals from all final decisions of district courts in the United States and does not support a federal cause of action. 28 U.S.C. § 2254 is a federal statute outlining various provisions related to writs of habeas corpus for persons in state custody. Moreover, without further concrete detail, Plaintiffs' vague references to the United States Constitution and cruel and unusual punishment do not confer federal question jurisdiction over this action. In sum, the real nature of Plaintiffs' claims are state law breach of contract and tort claims and federal question jurisdiction does not apply to this action.

Finally, to the extent Plaintiffs seek to amend their claims in their objections, their attempt is procedurally improper. (Doc. no. 12, p. 2.) A plaintiff may not amend a complaint in a piecemeal manner by submitting separate filings which purport to add or change only certain portions of a prior pleading. See Holland v. Burnette, CV 308-090, 2009 WL 1579507, at *1 (S.D. Ga. June 3, 2009). Furthermore, amendment is futile because there is no subject matter jurisdiction for the reasons explained above.

Accordingly, the Court **OVERRULES** Plaintiffs' objections, **ADOPTS** the Report and Recommendation of the Magistrate Judge as its opinion, **DISMISSES** this case for lack of subject matter jurisdiction, and **CLOSES** this civil action.

SO ORDERED this ____ day of June, 2026, at Augusta, Georgia.

_____
HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA